UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cedric Johnson,

    Plaintiff,                                                                                                                                                        No. 08-10273

v.                                                                                                                                                          Hon. Nancy G. Edmunds

City of Detroit and John Does,

    Defendants.
_____/

## ORDER REMANDING STATE LAW CLAIMS
## AND REQUIRING FILING OF AMENDED COMPLAINT

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief sought. The complaint must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). The court is not required to conjure up unpled allegations. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

In his complaint, Plaintiff alleges violations of his rights under the following:

1. Fourth Amendment;
2. Fifth Amendment;
3. Eighth Amendment; and
4. Fourteenth Amendment.

Plaintiff also alleges a number of state law claims.

The claims of violation of Plaintiff's Fifth and Eighth Amendment rights fail to meet the requirements of Rule 8(a).

With regard to Plaintiff's claim under the Fifth Amendment, it should be noted that the Fifth Amendment applies to federal action, not to private action or state action. Bolling v. Sharpe, 347 U.S. 497 (1954); Three Rivers Cablevision Inc. v. City of Pittsburgh, 502 F. Supp. 1118, 1134 (W.D. Pa. 1980). Plaintiff has not suggested that any of the Defendants are associated with the federal government.

Formal adjudication of guilt in a criminal prosecution is a precondition for protection under the Eighth Amendment. Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977). The Eighth Amendment does not apply to pretrial detainees. Barbar v. City of Salem, 953 F.2d 232, 235 (6th Cir. 1992). Plaintiff has not alleged that any constitutional violation occurred after a formal adjudication of guilt and thus has not alleged that he was entitled to Eighth Amendment protection.

For the reasons set forth above, it is hereby ordered that Plaintiff SHALL FILE AN AMENDED COMPLAINT on or before February 18, 2008, in compliance with Rule 8, OR THE COURT SHALL DISMISS THE CLAIMS under the Fifth and Eighth Amendments for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

Further, since the parties to this action are non-diverse, the court does not have independent jurisdiction over any state law claims set forth in the complaint. Thus, the court declines to exercise supplemental jurisdiction over such state law claims so as to avoid jury confusion. See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Padilla v. City of Saginaw, 867 F. Supp. 1309 (E.D. Mich. 1994). See also Carnegie-Mellon University v. Cohill, 484 U.S. 343 (1988) (doctrine of pendent jurisdiction is doctrine of discretion; usually when all federal claims are dismissed before trial, a federal

court should dismiss state claims as well); 28 U.S.C. § 1367(c) (district court may decline to exercise supplemental jurisdiction).

Therefore, Plaintiff's state law claims, including, without limitation, claims of gross negligence (Count One), intentional battery (Count Four), negligence (Count Five), intentional infliction of emotional distress (Count Seven), negligent infliction of emotional distress (Count Eight), assault (Count Nine), violation of the Michigan Constitution (Count Ten), false imprisonment (Counts Eleven and Twelve), and violation of the Michigan Freedom of Information Act (Count Thirteen) are hereby REMANDED to Wayne County Circuit Court. This Court will retain jurisdiction over Plaintiff's federal claims only.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 30, 2008, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager