UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cedric Johnson,

    Plaintiff,                                  No. 08-10273

v.                                             Hon. Nancy G. Edmunds

City of Detroit, et. al.,

    Defendants.

_____/

**ORDER DISMISSING PLAINTIFF'S 5th AND 8th AMENDMENT
CLAIMS AND REMANDING ALL STATE LAW CLAIMS
TO WAYNE COUNTY CIRCUIT COURT**

On January 30, 2008, this Court issued an Order remanding Plaintiff's state law claims and requiring the filing of an amended complaint. The court ordered "that Plaintiff shall file an Amended Complaint on or before February 18, 2008, in compliance with Rule 8, or the Court shall dismiss the claims under the Fifth and Eighth Amendments for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6)." Plaintiff filed an amended complaint on February 10, 2008. The amended complaint fails to comply with this Court's January 30, 2008 Order.

The claims of violation of Plaintiff's Fifth and Eighth Amendment rights fail to meet the requirements of Rule 8(a). With regard to Plaintiff's claim under the Fifth Amendment, it should be noted that the Fifth Amendment applies to federal action, not to private action or state action. Bolling v. Sharpe, 347 U.S. 497 (1954); Three Rivers Cablevision Inc. v. City of Pittsburgh, 502 F. Supp. 1118, 1134 (W.D. Pa. 1980). Plaintiff has not suggested that any of the Defendants are associated with the federal government.

ACCORDINGLY, IT IS HEREBY ORDERED that Plaintiff's claims alleging a violation of his Fifth Amendment rights are hereby DISMISSED WITHOUT PREJUDICE.

Formal adjudication of guilt in a criminal prosecution is a precondition for protection under the Eighth Amendment. Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977). The Eighth Amendment does not apply to pretrial detainees. Barbar v. City of Salem, 953 F.2d 232, 235 (6th Cir. 1992). Plaintiff has not alleged that any constitutional violation occurred after a formal adjudication of guilt and thus has not alleged that he was entitled to Eighth Amendment protection.

THEREFORE, IT IS HEREBY ORDERED that Plaintiff's claims alleging a violation of his Eighth Amendment rights are hereby DISMISSED WITHOUT PREJUDICE.

Further, since the parties to this action are non-diverse, the court does not have independent jurisdiction over any state law claims set forth in the complaint. Thus, the court declines to exercise supplemental jurisdiction over such state law claims so as to avoid jury confusion. See 28 U.S.C. § 1367(c); United Mine Workers v. Gibbs, 383 U.S. 715 (1966); Padilla v. City of Saginaw, 867 F. Supp. 1309 (E.D. Mich. 1994).

THEREFORE, IT IS HEREBY ORDERED that all of Plaintiff's state law claims including, but not limited to, those contained in ¶¶ 14, 15 of Plaintiff's Amended Complaint filed on February 10, 2008, are hereby remanded to Wayne County Circuit Court.

This Court will retain jurisdiction over Plaintiff's federal claims only.

SO ORDERED.

    s/Nancy G. Edmunds
    Nancy G. Edmunds
    United States District Judge

Dated: March 12, 2008

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 12, 2008, by electronic and/or ordinary mail.

    s/Carol A. Hemeyer
    Case Manager